**Chelsea Hotel Owner LLC v Martin**

2025 NY Slip Op 30074(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 152929/2022

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. LYNN R. KOTLER | PART 08 |
| | *Justice* | |

----------------------------------------------------------------------X

CHELSEA HOTEL OWNER LLC,

                Plaintiff,

        - v -

DEBBIE MARTIN, ED HAMILTON, SUSAN BERG,
JONATHAN BERG, TIM CASTER, SUSANNE BARTSCH,
STEVE WILLIS, RONDA DUVALL, TONY
NOTARBARADINO, MARTINE BARRAT

                Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152929/2022 |
| MOTION DATE | 05/29/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136

were read on this motion to/for       SUMMARY JUDGMENT(AFTER JOINDER   .

Upon the foregoing documents, plaintiff Chelsea Hotel Owner LLC's motion for summary judgement is decided as follows. Plaintiff seeks an order: [1] directing Defendants to provide access to Owner and its agents, employees and contractors to the Defendants' apartments for the purpose of installing the life and fire safety system; and [2] for summary judgment against the Defendant Bergs for breach of their lease by refusing to permit plaintiff to access their unit. Defendants oppose the motion and contend that since 2022, nothing has changed on the instant motion, that plaintiff fails to show that defendants have violated section 27-2008 of the Housing Maintenance Code and that plaintiff's failure to comply with CPLR 3116 precludes an award of summary judgment.

[* 1]

As a way of background, plaintiff filed the Complaint on April 5, 2022, seeking an order requiring Defendants to provide access to their units so plaintiff can install the life and fire safety system, and a Motion for Preliminary Injunction on April 7, 2022. On May 27, 2022, the Court denied Plaintiff's motion. While recognizing there was "no dispute that the defendants have refused to provide plaintiff and its contractors access," the Court declined relief without additional proof that the speakers and emergency voice and alarm communication systems were legally required to be installed inside the apartments and to provide specifications of the fire and safety system components.

Since 2022 plaintiff explains that it has been attempting to install a code-compliant life and fire safety system for the protection of 50 permanent tenants and up to 300 nightly guests and that only 6 tenants, the defendants herein, have refused to provide plaintiff and its contractors access.

On a motion for summary judgment, the proponent bears the initial burden of setting forth evidentiary facts to prove a prima facie case that would entitle it to judgment in its favor, without the need for a trial (*CPLR* 3212; *Winegrad v. NYU Medical Center*, 64 NY2d 851 [1985]; *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]). The party opposing the motion must then come forward with sufficient evidence in admissible form to raise a triable issue of fact (*Zuckerman, supra*). If the proponent fails to make out its prima facie case for summary judgment, however, then its motion must be denied, regardless of the sufficiency of the op-posing papers (*Alvarez v. Prospect Hospital*, 68 NY2d 320 [1986]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]).

152929/2022  CHELSEA HOTEL OWNER LLC vs. MARTIN, DEBBIE ET AL
Motion No. 003

Page 2 of 7

[* 2]

2 of 7

Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v. Ceppos*, 46 NY2d 223 [1977]). The court's function on these motions is limited to "issue finding," not "issue determination" (*Sillman v. Twentieth Century Fox Film*, 3 NY2d 395 [1957]).

Section 27-2008 of the Housing Maintenance Code provides: "No tenant shall refuse to permit the owner, or his or her agent or employee, to enter such tenant's dwelling unit… to make repairs or improvements required by this code or other law or to inspect such apartment… to determine compliance with this code or any other provision of law…." Admin. Code § 27-2008.

**First Cause of Action**

Plaintiff argues that it provided reasonable notice, but that defendants refused to provide access to plaintiff to install the components of the fire system, thereby putting defendants' lives and the lives of other tenants and countless hotel guests and patrons at risk, thus constituting a violation of the statutory right of access retained by plaintiff to keep the Hotel's fire safety system up to code, in violation of the Housing Maintenance Code. Plaintiff further argues that installation of the life and fire safety system—including one-way speakers inside each unit—is required under the New York City Building Code, the Fire Code, and the Hotel's FDNY-approved Fire Safety Plan.

152929/2022   CHELSEA HOTEL OWNER LLC vs. MARTIN, DEBBIE ET AL
Motion No.  003

Page 3 of 7

3 of 7

[* 3]

Defendants contend that nothing has changed on the instant motion and that plaintiff still fails to show that the defendants, as tenants, have violated section 27-2008 of the Housing Maintenance Code by withholding access to install the speaker and emergency voice/alarm or intercom communication inside their respective apartments or dwelling units.

Defendants further argue that: 1) plaintiff fails to establish "that is use of the so-called fire safety expert report of Joseph Mayonado is a valid business record"; and 2) fails to establish that its use of a deposition transcript of defendants is legally permitted since their transcripts were never submitted to defendants for signature and review.

Defendants' argument that the Mayonado report fails as a business record is rejected. Under CPLR 3212(b), states "[w]here an expert affidavit is submitted in support of… a motion for summary judgment the court shall not decline to consider the affidavit because an expert exchange… was not furnished prior to the submission of the affidavit."

Here, the Mayonado Report was annexed as an exhibit to his affirmation, which he affirmed under the penalty of perjury and contained his conclusions. Furthermore, the fact that the report is on Jensen Hughes letterhead and that Mayonado is no longer employed by that firm is of no moment. Nor does it warrant a different result as the affidavit was sworn under the penalty of perjury and does not have to satisfy a hearsay exception.

Next, defendants' argument that this court should disregard the deposition transcripts because defendants didn't have time to review them before plaintiff filed its motion lacks merit.

152929/2022   CHELSEA HOTEL OWNER LLC vs. MARTIN, DEBBIE ET AL                Page 4 of 7
Motion No. 003

4 of 7

CPLR 3116(a) provides in part that transcripts "may be used as fully as though signed". While plaintiff filed its motion and attached defendants' deposition transcripts as exhibits, defendants filed opposition over 40 days later, but failed to mention or reference any inaccuracies in the transcripts from any defendant. Moreover, the deposition transcripts were certified by a court reporter. (*See, Arthur v. Liberty Mut. Auto Home Servs. LLC*, 169 AD3d 554, 94 NYS3d 276)

Plaintiff has made a prima facie showing of its entitlement to summary judgement. Plaintiff has an obligation to not only comply with the New York Fire Code, but also the NYC Building Code Chapter 9, which require smoke detectors, alarms and communication speakers within each unit. Plaintiff's expert, Joseph Mayonado explains in his report that because the hotels legal occupancy changed in 2014, it triggered plaintiff's obligation to upgrade the fire system and the 2014 NYC Building Code requires the one-way communication within dwelling units. The Mayonado Report further explains that the speakers that plaintiff seeks to install in defendants' units are "dummy" devices that cannot be connected to the internet, contain no ability for wi-fi connection and have only audio speakers. See P Ex 2. There is no credible evidence put forth by defendants, other than their conclusory statements, that the one-way speakers that plaintiff seeks to install could be transformed into two-way speakers.

Furthermore, plaintiff received a FDNY Letter of Approval dated February 10, 2023, that provides "The Fire Safety Plan submitted for the above premises has been reviewed, and found to meet or exceed the minimum requirements for a Fire Safety Plan, as set forth by current guidelines as posted on FDNY site, and therefore you are being issued this Letter of Acceptance." In addition plaintiff's safety plan, approved by FDNY, outlines the evacuation

152929/2022 CHELSEA HOTEL OWNER LLC vs. MARTIN, DEBBIE ET AL
Motion No. 003

Page 5 of 7

plan with instructions and procedures for a partial evacuation, for those persons who are disabled, the necessity for a one-way voice communication in each unit and two-way voice communication in hallways, elevator cars, elevator control rooms and mechanical equipment rooms.

Plaintiff points to the Housing Maintenance Code which prohibits a tenant from refusing to grant an owner access to make repairs or improvements required by the Code or other law (HMC 27-2008). While defendants continue to argue that defendants have not refused access, the evidence submitted belies that allegation. The installation of a fire safety system serves to provide notice when there is a fire in the building and a means of orderly exit. Defendants' allegations that the system could be hacked, or the possibility of security issues are unsupported by credible evidence and rejected in light the Mayonado Report.

Over the course of years, defendants have either made complaints of or expressed concern about no smoke alarms, fire alarms, sprinklers, safe egress in the event of a fire, but yet continue to refuse access to plaintiff to install the very system they continue to complain about.

Based on the foregoing, plaintiff's motion is granted and defendants shall permit reasonable access to their apartment units for plaintiff, its contractors and/or agents to conduct necessary measurements and installation of the life and fire safety systems within 60 days of the date of this order.

152929/2022   CHELSEA HOTEL OWNER LLC vs. MARTIN, DEBBIE ET AL                Page 6 of 7
Motion No.  003

6 of 7

**Third Cause of Action**

Next, plaintiff argues that this court should grant summary judgment against the Bergs finding that they breached their Lease agreement by failing to provide plaintiff access to make repairs. Defendants also oppose this branch of the motion.

In light of the court's decision herein, the court denies the balance of plaintiff's motion without prejudice to renewal in the event defendants fail to comply with this court's order as set forth above.

**CONCLUSION**

In accordance herewith, it is hereby:

**ORDERED** that plaintiff's motion for summary judgment is granted on its First Cause of Action; and it is further

**ORDERED** that plaintiff's motion for summary judgment on its Third Cause of Action, breach of lease, is denied without prejudice to renewal in the event defendants fail to comply with this court's order.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby expressly rejected and this constitutes the decision and order of the court.

| | |
|---|---|
| 1/7/2025 | ~~signature~~ |
| **DATE** | **LYNN R. KOTLER, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

152929/2022   CHELSEA HOTEL OWNER LLC vs. MARTIN, DEBBIE ET AL
Motion No. 003

Page 7 of 7